IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN SHIRLEY, #204808, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-338-MHT |
| ) | [WO] |
| ) | |
| GLORIA MOORE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, David Allen Shirley ["Shirley"], a state inmate, challenges actions taken against him at the Draper Correctional Facility ["Draper"]. Specifically, Shirley alleges he was sexually harassed and assaulted by a female correctional official beginning in December of 2008 and continuing until sometime in February of 2009. Simultaneously with his complaint, Shirley filed a motion for injunction under Rule 65, *Federal Rules of Civil Procedure*, which the court construes as a motion for preliminary injunction. In this motion, Shirley requests immediate issuance of an injunction which requires correctional personnel to transfer him from Draper as he feels threatened by prison officials and inmates at such facility due to the pendency of this case. *Motion for Preliminary Injunction - Court Doc. No. 3* at 2.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound

discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Shirley demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction

is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

### A.  Basis for Relief

Shirley asserts he is entitled to issuance of a preliminary injunction to protect him from threats and harassment by correctional officials and fellow inmates.  Initially, it is clear the request by Shirley that he be granted a transfer would require interference by this court in the daily operation of the prison system regarding the security provided to inmates and the transfer of inmates within the system.  Correctional officials are accorded wide latitude by the courts in the administration of their facilities and federal courts are admonished to defer to the judgment of such officials with respect to administrative decisions. *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081 (1972); *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  Additionally, an inmate has no constitutional right to incarceration in a correctional facility of his choice. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

### B.  The Prerequisites for Issuance of a Preliminary Injunction

Initially, the court notes Shirley does not seek issuance of a preliminary injunction to preserve the status quo of the parties until the merits of his claims have been completely adjudicated - which constitutes the limited purpose of a preliminary injunction. *Suntrust*

*Bank*, 268 F.3d at 1265; *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981). Instead, Shirley requests preliminary injunctive relief to alter the status quo and gain a transfer to a facility of his choosing. Nevertheless, turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Shirley has failed to demonstrate a substantial likelihood of success on the merits of his claims. Shirley also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the daily operation of the prison system by allowing inmates to obtain transfers by merely alleging disdain with their current situations. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Shirley has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on April 15, 2009 (Court Doc. No. 3) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

---

[1] If the plaintiff believes his transfer to another facility is necessary to ensure his safety, he should seek such relief through appropriate requests to those correctional officials directly responsible for his safety.

It is further

ORDERED that on or before May 14, 2009 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 28th day of April, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE